**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| ESTATE OF ERIC BULLION | ) | CASE NO.: |
| Denise Bullion, Fiduciary | ) | |
| 332 Douglas Drive | ) | JUDGE: |
| Bellevue, Ohio 44811 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DENISE BULLION | ) | |
| 332 Douglas Drive | ) | |
| Bellevue, Ohio 44811 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ABBY BULLION | ) | |
| 332 Douglas Drive | ) | |
| Bellevue, Ohio 44811 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MOLLY BULLION | ) | |
| 332 Douglas Drive | ) | |
| Bellevue, Ohio 44811 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HANNAH BULLION | ) | |
| 332 Douglas Drive | ) | |
| Bellevue, Ohio 44811 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JENNA BULLION | ) | |
| 332 Douglas Drive | ) | |
| Bellevue, Ohio 44811 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **COMPLAINT WITH** |
| vs. | ) | **JURY DEMAND** |
| | ) | |

STANDARD LIFE AND ACCIDENT        )
INSURANCE COMPANY                 )
c/o Corporate Service Co.         )
50 West Broad Street, Suite 1330  )
Columbus, Ohio 43215              )
                                  )
        and                       )
                                  )
RAILROAD MARKETING SPECIALIST, LLC )
c/o CT Corporation System         )
4400 Easton Commons Way, Suite 125 )
Columbus, Ohio 43219              )
                                  )
        and                       )
                                  )
UNITED OF OMAHA LIFE              )
INSURANCE COMPANY                 )
c/o CT Corporation System         )
4400 Easton Commons Way, Suite 125 )
Columbus, Ohio 43219              )
                                  )
        and                       )
                                  )
AMERICAN UNITED LIFE              )
INSURANCE COMPANY                 )
One American Square               )
Indianapolis, Indiana 46282       )
                                  )
        and                       )
                                  )
JOHN DOE INSURANCE AGENT          )
Address Unknown                   )
                                  )
        and                       )
                                  )
JOHN DOE INSURANCE COMPANY        )
Address Unknown                   )
                                  )
        Defendants.               )

Plaintiffs, the Estate of Eric Bullion, Denise Bullion (Eric's wife), Abby, Molly, Hannah,

and Jenna Bullion (their children), for their Complaint arising out of Defendants' negligence,

breach of fiduciary duty, negligent misrepresentation, breach of contract, bad faith, and vicarious

liability which caused Plaintiffs to suffer damages in the form of lost life insurance benefits, state:

## INTRODUCTION

1.       This lawsuit arises out of the denial of life insurance proceeds that were subject of policies of life insurance issued to decedent Eric Bullion for the benefit of his wife and children. Eric purchased life insurance from United of Omaha Life Insurance Company/Lincoln Financial Group in the amount of $100,000.  Upon information and belief, American United Life Insurance Company issued a policy that may have replaced the United of Omaha Life Insurance policy.  An insurance broker/agent from Railroad Marketing Specialist, LLC advised Eric to replace the United of Omaha/American United Life Insurance policy with a new policy issued by Standard Life and Accident Insurance Company in the amount of $150,000 for the benefit of Denise Bullion and $10,000 for the benefit of each of his children, Abby, Molly, Hannah, and Jenna.  After Eric's death, Standard Life and Accident Insurance Company rejected his family's claim for life insurance benefits and attempted to rescind the policy and refund premiums that had been paid.

2.       Eric Bullion was a railroad worker with Norfolk Southern who purchased and paid premiums for a Group Life Insurance policy through his employer with United of Omaha Life Insurance/Lincoln Financial Group.  Upon information and belief, Railroad Marketing Specialist, LLC served as the agent and/or broker when Eric secured the United of Omaha Life Insurance/Lincoln Financial Group policy.  The policy provided for $100,000 in life insurance proceeds to be paid to Denise Bullion upon Eric's death.  The original policy was opened on August 13, 2016 through voluntary enrollment.

3.     Eric continued to pay his life insurance premiums which were deducted biweekly from his paychecks from Norfolk Southern.

4.     While he was insured under the United of Omaha Life Insurance policy or the policy issued by American United Life Insurance Company, Eric became ill with a terminal illness.  Eric continued to be employed but went on short term disability with sick leave benefits due to his illness.

5.     Eric started to receive Railroad Retirement Board Sick Benefits in February of 2020.  At that time, Eric realized that he needed to contact Railroad Marketing Specialist, LLC to continue his life insurance policy.

6.     Eric consulted with Railroad Marketing Specialist, LLC to determine how to maintain his life insurance policy.  He was advised that the policy was no longer a United of Omaha policy per his original 2016 paperwork but that the policy changed to another company in 2019 with the same terms as the original policy.  He was further advised that he could continue to pay premiums to maintain his coverage.  He began to receive and pay quarterly bills to maintain his coverage.

7.     In February of 2021, Eric received an invoice from Railroad Marketing Specialist, LLC for his group life insurance policy premium.  On the invoice, the following note was included:  "This policy expires March 31, 2021.  Please call to convert this to an individual policy."

8.     Eric contacted Railroad Marketing Specialist, LLC and spoke with Balta Morales on March 3, 2021.  He paid the premiums that were due according to the February invoice over the phone.  He also obtained a new policy with Mr. Morales over the phone where Morales

completed whatever paperwork was required to convert Eric's group policy to a new individual policy.

9.      Balta Morales assisted Eric with obtaining the new policy over the phone.  Eric was told that the new policy would go into effect and provide coverage on April 1, 2021.  He was further advised that there would be no lapse in coverage from the original policy to the new policy.  The coverage would increase to $150,000 and include a $10,000 benefit for each of his children and the premiums would be $66.00 per month.

10.     Eric received a confirmation email that explained the specifics of his coverage and indicated that a paper policy would be mailed to him.

11.     Based upon the information provided and the professional recommendation from Railroad Marketing Specialist, LLC to convert the group policy to the individual policy issued by Standard Life and Accident Insurance Company, Eric decided to purchase the Standard Life and Accident Insurance Company policy.

12.     On April 1, 2021, Standard Life and Accident Insurance Company issued a policy with a life insurance benefit of $150,000 for his spouse and $10,000 for each of his children.  At some time after this, Railroad Marketing allowed the previous policy to cancel.

13.     On April 14, 2021, after a lengthy and courageous battle with his illness, Eric Bullion passed away with the peace of mind that he provided life insurance proceeds for his family.

14.     At the time of his death, Eric was still classified as an employee who was off work on sick leave in accordance with the Family Medical Leave Act.

15.     On April 26, 2021, Denise Bullion contacted Railroad Marketing and spoke with Carrie Fisher to initiate a claim.  Ms. Fisher advised Denise that coverage was active and she

started completing the claim form with Denise over the phone.   The form was mailed to Denise for her to complete, which she completed and faxed back with a copy of Eric's death certificate.

16.     On April 27, 2021, Denise received a packet with a newly issued policy from Standard Life and Accident Insurance Company.  On that date, Denise contacted Standard Life and Accident Insurance Company to see if the policy was active and if she could file a claim. Standard Life and Accident Insurance Company confirmed that the policy was active.  Denise completed claim forms.

17.     Over the course of the next few months, Denise had additional communication with Railroad Marketing and Standard Life and Accident Insurance Company.  They required her to submit medical records and other supporting documentation.  Denise complied with every request for information.

18.     On August 31, 2021 Railroad Marketing informed Denise that they were denying her claim and they sent her a check in the amount of premiums that had been paid.

19.     On October 11, 2021, Denise received a denial from Standard Life and Accident Insurance Company with a check in the amount of $68.75 for the April premium.

20.     Eric Bullion paid his premiums without fail since 2016 until his death in 2021. He did everything he was asked to do by Railroad Marketing and any of the insurance companies. The insurance professionals involved in securing coverage were fully aware of Eric's medical condition and his status as a railroad worker.

## THE PARTIES

21.     The Estate of Eric Bullion is an Estate for the deceased Eric Bullion opened in Sandusky County, Ohio.  Denise Bullion is the fiduciary of the Estate.  Eric Bullion was a

railroad worker who purchased life insurance through Railroad Marketing Specialist, LLC or John Doe Agent.

22.     Denise Bullion is the surviving spouse of Eric Bullion and one of the intended beneficiaries of Eric Bullion's life insurance policies.  Abby, Molly, Hannah, and Jenna Bullion are the surviving children of Eric Bullion and Denise Bullion.

23.     Standard Life and Accident Insurance Company is an affiliate of American National Insurance Company.  Standard Life and Accident Insurance Company offers life insurance products and conducts business in the State of Ohio.  Standard Life and Accident Insurance Company has a principal place of business in Galveston, Texas.  Standard Life and Accident Insurance Company agreed to provide life insurance to Eric Bullion for the benefit of his family.

24.     Railroad Marketing Specialists, LLC ("Railroad Marketing") claim to be the nation's largest insurance broker for group and supplemental railroad disability insurance programs exclusively working with railroads and their families.  Railroad Marketing Specialists, LLC offers life insurance policies to railroad workers.  Railroad Marketing Specialists, LLC, as a fiduciary of Eric Bullion, advised him on his life insurance coverage and sold him life insurance that he believed would provide for his family upon his death.  "Woody" is the President and "Balta" is an Enrollment Agent.   Railroad Marketing Specialists, LLC conduct business in the State of Ohio and has a principal place of business in George, Utah.

25.     United of Omaha Life Insurance Company is a subsidiary of Mutual of Omaha that focuses on providing individual and annuity products to its customers.  United of Omaha Life Insurance Company conducts business in Ohio and has a principal place of business in Omaha, Nebraska.  Railroad Marketing Specialists, LLC is its agent.

26.     American United Life Insurance Company is an insurance company that offers life insurance and other insurance products.  It has a principal place of business in Indiana but conducts business in Ohio.  Upon information and belief, Railroad Marketing Services, LLC is its agent.

**FIRST CAUSE OF ACTION – NEGLIGENCE AGAINST RAILROAD MARKETING SPECIALIST, LLC  (AND/OR JOHN DOE AGENT)**

27.     Plaintiffs restate and reaver the allegations in Paragraphs 1-26 as if fully rewritten herein.

28.     Upon information and belief, Defendant Railroad Marketing Specialist, LLC had a duty to Plaintiff Estate of Eric Bullion and a duty to Plaintiffs Denise, Abby, Molly, Hannah and Jenna Bullion as intended third party beneficiaries to Eric Bullion's insurance policy. Defendant Railroad Marketing's duty included a duty to maintain appropriate insurance coverage for Eric Bullion and his intended third party beneficiaries.  Defendant's duty further included a duty to correctly explain coverage to Eric Bullion for the benefit of his providing life insurance proceeds to his intended third party beneficiaries.  Further, Defendant's duty included a duty to avoid administrative errors in completing any applications in insurance or any other errors that could cause a denial of coverage.  Defendant's duty included moreover a duty to share accurate information with Eric Bullion regarding policy changes and other policy issues to allow Eric Bullion to secure the appropriate life insurance policy for the benefit of his intended beneficiaries.

29.     Defendant Railroad Marketing breached its duty to Eric Bullion and his intended third party beneficiaries in a variety of ways including but not limited to failing to maintain appropriate coverage for him and his intended third party beneficiaries, failing to correctly

explain his coverage to allow Eric Bullion to provide life insurance benefits for his intended beneficiaries.

30.     Defendant Railroad Marketing further breached its duty to Eric Bullion and his intended third party beneficiaries by making administrative and other errors that created a pretext for the Defendant Insurance Companies to retroactively disclaim coverage that was previously placed for Eric Bullion and his intended beneficiaries.

31.     Upon information and belief, Defendant Railroad Marketing further breached its duty to Eric Bullion and his intended third party beneficiaries in other ways that will become known after discovery of Defendant's records.

32.     As a direct and proximate result of Defendant Railroad Marketing's breach of its duty to Eric Bullion and his intended third party beneficiaries, Plaintiffs suffered and sustained injuries and damages including economic damages and emotional distress.

32.     As a direct and proximate result of Defendant Railroad Marketing's breach of its duty to Eric Bullion and his intended third party beneficiaries, Plaintiffs suffered the loss of an inheritance.

**SECOND CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY AGAINST RAILROAD MARKETING SPECIALIST, LLC (AND/OR JOHN DOE AGENT)**

33.     Plaintiffs restate and reaver the allegations in Paragraphs 1-32 as if fully rewritten herein.

34.     Although Ohio law generally finds that an agent and its client do not have a fiduciary relationship, Ohio does recognize that an insurance agent and its client's relationship can rise to the level of a fiduciary relationship when a special trust or confidence has been reposed.

35.     The relationship between Railroad Marketing and Eric Bullion rose to the level of a fiduciary relationship because Eric Bullion relied upon Railroad Marketing to advise him of the appropriate insurance coverage to adequately protect him and his family and Defendant Railroad Marketing was aware of Eric Bullion's reliance.

36.     Railroad Marketing advised Eric Bullion that he should make a change in his life insurance coverage for his intended third party beneficiaries and directed him in how to make that change while it was aware of Eric Bullion's medical condition and status as an employee with the railroad.  Therefore, Railroad Marketing had a fiduciary relationship with Eric Bullion and his intended third party beneficiaries.

37.     Defendant Railroad Marketing breached its fiduciary duty to Eric Bullion and his intended third party beneficiaries.

38.     As a direct and proximate result of Defendant Railroad Marketing's breach of its fiduciary duty, Plaintiffs suffered economic damages and other injuries and damages.

**THIRD CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION AGAINST RAILROAD MARKETING SPECIALIST, LLC (AND/OR JOHN DOE AGENT)**

39.     Plaintiffs restate and reaver the allegations in Paragraphs 1-38 as if fully rewritten herein.

40.     Defendant Railroad Marketing contacted Eric Bullion and supplied him false information while it had superior knowledge about his life insurance options.

41.     Defendant Railroad Marketing supplied the false information to Eric Bullion for the guidance of him to make life insurance policy decisions as he intended to provide for his family.

42.     Defendant Railroad Marketing supplying of false information to Eric Bullion caused him pecuniary loss and also caused pecuniary loss to his intended third party beneficiaries.

43.     Defendant Railroad Marketing, while it supplied false information to Eric Bullion, failed to exercise reasonable care in obtaining or communicating the information to Eric Bullion.

44.     Defendant Railroad Marketing's conduct constitutes negligent misrepresentation

45.     As a direct and proximate result of Defendant Railroad Marketing's negligent misrepresentation, Plaintiffs suffered injuries and damages.

**FOURTH CAUSE OF ACTION – BREACH OF CONTRACT AGAINST STANDARD LIFE AND ACCIDENT INSURANCE CO. (AND/OR JOHN DOE INSURANCE CO)**

46.     Plaintiffs restate and reaver the allegations in Paragraphs 1-45 as if fully rewritten herein.

47.     Defendant Standard Life and Accident Insurance Company entered into a contract with Eric Bullion to provide life insurance benefits directly to Eric Bullion's intended third-party beneficiaries.  The contract is not attached to the Complaint because it is voluminous and the defendant is likely in possession of a copy of the contract.

48.     Upon information and belief, Defendant Standard Life and Accident Insurance Company entered into a contract with Eric Bullion to provide life insurance benefits directly to his third party beneficiaries and, as consideration, accepted payment and premiums from Eric Bullion.        .

49.     Defendant Standard Life and Accident Insurance Company had all of the information it needed to enter into the contract with Eric Bullion.

50.     Defendant Standard Life Accident Insurance Company breached the contract when it refused to pay life insurance benefits to Eric Bullion's intended third-party beneficiaries.

51.    As a direct and proximate result of Defendant Standard Life and Accident Insurance Company's breach of contract, Plaintiffs as third party beneficiaries suffered damages..

**FIFTH CAUSE OF ACTION – VICARIOUS LIABILITY AGAINST STANDARD LIFE AND ACCIDENT INSURANCE CO. (AND/OR JOHN DOE INSURANCE CO)**

52.    Plaintiffs restate and reaver the allegations set forth in paragraphs 1-51 as if fully rewritten herein.

53.    Upon information and belief, an agency relationship existed between Standard Life and Accident Insurance Company and Defendant Railroad marketing.

54.    Defendant Standard Life and Accident Insurance Company is vicariously liable for Defendant Railroad Marketing's negligence, breach of fiduciary duty, and negligent misrepresentation.

**SIXTH CAUSE OF ACTION – BAD FAITH AGAINST STANDARD LIFE AND ACCIDENT INSURANCE CO. (AND/OR JOHN DOE INSURANCE CO).**

55.    Plaintiffs restate and reaver the allegations set forth in paragraphs 1-54 as if they are fully rewritten herein.

56.    Plaintiff Eric Bullion was a policy holder to a life insurance policy issued to him for the benefit of his intended third-party beneficiaries by Defendant Standard Life and Accident Insurance Co.

57.    Defendant Standard Life and Accident Insurance Company owed Eric Bullion and his third party beneficiaries a duty of good faith and fair dealing.

58.    Upon Eric Bullion's death, his intended third parties, Plaintiffs Denise, Abby, Molly, Hanna, and Jenna Bullion had a valid claim for life insurance benefits.

59.     Defendant Standard Life and Accident Insurance Company after it repeatedly confirmed that there was an active life insurance policy issued, denied Plaintiffs' valid claim unreasonably.

60.     Defendant Standard Life and Accident Insurance Company's wrongful denial of the Plaintiffs' life insurance claim was made in bad faith.

61.     As a result of Defendant's Bad Faith, Plaintiffs suffered injuries and damages.

**SEVENTH CAUSE OF ACTION – ESTOPPEL AGAINST STANDARD LIFE AND ACCIDENT INSURANCE COMPANY (AND/OR JOHN DOE INSURANCE CO)**

62.     Plaintiffs restate and reaver the allegations in Paragraphs 1-61 as if fully rewritten herein.

63.     Defendant Standard Life and Accident Insurance Company and/or its agent Railroad Marketing made promises to Plaintiffs that there was a life insurance policy that would provide benefits to Eric Bullion's intended beneficiaries.   The promises were clear and unambiguous.

64.     Plaintiffs relied upon the promises and allowed the original policy to be canceled.

65.     It was reasonable and foreseeable that Plaintiffs would rely upon the promise.

66.     Plaintiffs were injured and damaged as a result of the reliance.

67.     Defendant should be estopped from denying to pay the life insurance benefits it promised to Plaintiffs.

**EIGHTH CAUSE OF ACTION – VICARIOUS LIABILITY AGAINST UNITED OF OMAHA LIFE INSURANCE (AND/OR JOHN DOE INSURANCE CO)**

68.     Plaintiffs restate and reaver the allegations in Paragraphs 1-67 as if fully rewritten herein.

69.     Upon information and belief, an agency relationship existed between United of Omaha Life Insurance Company and Defendant Railroad marketing.

70.     Defendant United of Omaha Life Insurance Company is vicariously liable for Defendant Railroad Marketing's negligence, breach of fiduciary duty, and negligent misrepresentation.

### NINTH CAUSE OF ACTION – VICARIOUS LIABILITY AGAINST AMERICAN UNITED LIFE INSURANCE COMPANY (AND/OR JOHN DOE INSURANCE CO).

71.     Plaintiffs restate and reaver the allegations contained in paragraphs 1-70 as if fully rewritten herein.

72.     Upon information and belief, an agency relationship existed between American United Life Insurance Company and Defendant Railroad Marketing.

73.     Defendant American United Life Insurance Company is vicariously liable for Defendant Railroad Marketing's negligence, breach of fiduciary duty, and negligent misrepresentation.

**WHEREFORE,** Plaintiffs pray for the following relief:

I.      That Plaintiffs be awarded a judgment against Defendants, for compensatory damages and other injuries to be proven at Trial in an amount exceeding twenty-five thousand dollars ($25,000.00);

II.     That they be awarded statutory interest at the maximum rate and extent permissible by law;

III.    That they be awarded reasonable costs incurred herein; and

IV.     That they be awarded any other relief to which they may be entitled, whether legal or equitable, including punitive damages even if not specifically requested herein.

Respectfully Submitted,

/s/  John B. Stalzer

_____
John B. Stalzer, Esq.  (0074371)
20714 Stratford Ave.
Rocky River, OH  44116
Phone: (216) 570-2399
Fax:  (440) 201-6564
Email: jstalzer@stalzerlaw.com
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs demand a Trial be Jury in this matter.

/s/  John B. Stalzer

_____
John B. Stalzer (0074371)